ROBERT FRIOU, ESQ. Village Attorney, North Tarrytown
We acknowledge receipt of your letter requesting a legal opinion. You state that the village board has adopted Robert's Rules of Order; for the last seven years, committees of the village board and the chairmen of those committees have been appointed by the mayor with the approval of the board of trustees; on April 4, 1977, the mayor of the village appointed standing committees and the chairmen of those committees with the approval of the board of trustees; thereafter the mayor removed one trustee from the chairmanship of a committee and a motion to override and reverse that action of the mayor failed to pass; subsequently, the mayor appointed another trustee as chairman of that committee and the board of trustees approved the appointment; the first chairman of the committee contends that he is still chairman and that the second trustee, who was appointed by the mayor to be chairman of the committee, has no status as chairman.
You request our opinion concerning this procedure and who is now the chairman of the committee.
Village Law § 4-412 subdivision 2 provides, in part: "The board may determine the rules of its procedure."
In examining Robert's Rules of Order Newly Revised, we find, in section 49, that in an assembly or organization that has not prescribed in its bylaws or rules how the members of its committees shall be selected, the method can be decided by general consent or by majority at the time the committee is appointed and that power to appoint a committee carries with it the power to appoint the chairman. We find, in section 45, that it is proper that nominations be made by the chair. In the case of a village, the occupant of the chair, under Village Law § 4-400
subdivision 1 paragraph a, is the mayor and the mayor is entitled to a vote on all matters coming before the board. We also find, in sections 4, 43, and 44 of Robert's Rules that the chair has the right to cast a vote if the chair is occupied by a member of the deliberative body.
Normally, in a municipality, rules of procedure are adopted by passage of a resolution, ordinance, or local law, and this would constitute the bylaw or rule mentioned in Robert's Rules. There seems to have been no such formal act by the board of trustees other than to adopt Robert's Rules. In our opinion, in the absence of any formal act by the board of trustees to the contrary, the standard practice of the village board of trustees over a period of years constitutes a determination of the board of trustees establishing the rules of procedure of the board in relation to appointment of committee members and chairmen and should be followed until changed by formal action by the board of trustees; in the case of your village, it is our opinion that the usual manner of appointing committees and their chairmen is in accord with the Village Law and the above-cited sections of Robert's Rules of Order Newly Revised and should continue to be followed until formally changed.
We enclose copies of opinions issued by this office reported in 1946 Attorney General [Inf Opns] 34, and 1950 Attorney General [Inf Opns] 28, to the effect that formation of committees in a legislative body and designation of chairmen thereof is one of the legislative functions of the body. The practice in your village is not in conflict with this concept; the appointment by the mayor, who is a member of the board of trustees, approved by a majority vote of the whole board of trustees, is an expression of the will of that body.
In our opinion, committee memberships and chairmanships are not, in and of themselves, public offices and there is no term connected therewith; no right of tenure attached to the appointment; there is no reason why a committee can not be abolished or its membership changed or the identity of the chairman changed during the course of an official village year; thus, a subsequent appointment by the mayor of another trustee to be chairman of the committee, which subsequent appointment is then approved by the majority vote of the board of trustees, removes the first chairman and replaces him by the second.
In our opinion, when the mayor, who is a member of the board of trustees, states that a committee chairman is removed and a motion to override that action is then made but is not carried, the expression of the will of the board of trustees is that the majority do not want that member as chairman of that committee and the chairman is removed.
In our opinion, the village trustee appointed as chairman of the committee on April 4, 1977, is no longer chairman of that committee and the trustee appointed on September 1, 1977, as chairman, is in fact the chairman of that committee.